IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHAN BURRELL,

    Petitioner,   No. CIV S-09-CV-1734 KJM CHS P

  vs.

D.K. SISTO,

    Respondent.   <u>FINDINGS AND RECOMMENDATIONS</u>

                              /

## I. INTRODUCTION

Petitioner, Jonathan Burrell, is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently serving an indeterminate sentence of life plus six years following his 1988 guilty plea in San Mateo County Superior Court to charges of kidnaping to commit robbery and first degree burglary. Here, Petitioner does not challenge the constitutionality of that conviction, but rather, the execution of his sentence, and specifically, the December 18, 2007 decision by the Board of Parole Hearings finding him unsuitable for parole.

## II. ISSUES PRESENTED

Petitioner sets forth several grounds for relief in his pending petition. The claims are as follow:

1

> (1) The legislative intent of Penal Code § 3041 is not being properly administered by the Board of Parole Hearings.
>
> (2) The Board's continued denial of parole based on the circumstances of the crime and other immutable factors violated his rights to due process and equal protection.
>
> (3) The "some evidence" standard applied by the Board is limited to factors tending to show current dangerousness as set forth by controlling statute, regulation, and case law.

Since the allegations in all three of Petitioner's claims assert due process violations in relation to the sufficiency of the evidence supporting the Board's decision, they will be addressed together herein as a single issue in section (V)(A), below. To the extent Petitioner also claims that his right to equal protection of the law has been violated, that will be discussed as a separate issue in section (V)(B). After careful consideration of the record and applicable law, it is recommended that this petition for writ of habeas corpus relief be denied.

### III. FACTUAL BACKGROUND

The basic facts of the life crime were summarized by the Presiding Commissioner at Petitioner's parole hearing as follows:

> . . . First I am going to give a summary of the commitment offense indicated - - that was gleaned from the POR, and this is in the Cumulative Case Summary Section of our Board Packets. The probation officer's report indicates that:
>
>> The subject committed a series of robberies and burglaries within a two week period after he was released on parole. The first incident involved subject robbing a gas station of $140 and hitting the attendant several times in the face using his fist. In the second incident, subject robbed a gas station of $233 after striking the attendant several times in the head with a pipe. Third incident was a residential burglary during which subject assaulted a 64-year-old female victim with a tire iron. The fourth incident involved a residential burglary and robbery of two victims, during which subject detained the victims and threatened to kill them with a knife. An estimated $3000 worth of property was taken. Subject admits guilt in the instant offense, stating he was under the influence of cocaine at the time and needed money for more cocaine."
>
> Now referring to the October 10th Board Report, which was authored by R. Blackwell, Correctional Counselor I, on page one as to the

2

prisoner's version:

> Inmate Burrell states that at the time of the instant offense he was heavily addicted to cocaine, using approximately one ounce per day, and the offense should not have happened. He expressed remorse for the victims, and stated that he wouldn't want an offense like this to happen to his family members. Burrell states he's not a violent person by nature and says his crime sprees occurred to support his addition to cocaine.

(Parole Hr'g Tr. 15:11-16:22, Dec. 18, 2007, Pet. Ex. A.)

On August 4, 1988, Petitioner entered a guilty to plea to charges for kidnaping to commit robbery, CAL. PENAL § 209(b), and first degree burglary, CAL. PENAL § 459. He was sentenced to life in prison plus six years with the possibility of parole. Petitioner's minimum eligible parole date passed on February 11, 1998. On December 18, 2007, Petitioner appeared before the Board of Parole Hearings (the "Board") for his sixth subsequent parole hearing. After considering various positive and negative suitability factors, the panel determined that Petitioner would pose an unreasonable risk of danger to society if released, and concluded that he was not suitable for parole. Petitioner sought habeas corpus relief in the San Mateo County Superior Court. On July 7, 2008, the court denied his petition, finding the Board's unsuitability determination to be supported by some evidence in the record. The California Supreme Court then denied review without comment. Petitioner filed this federal petition for writ of habeas corpus on June 23, 2009. Respondent filed an answer on November 2, 2009, and Petitioner filed his traverse on November 24, 2009.

## IV. APPLICABLE STANDARD OF HABEAS CORPUS REVIEW

This case is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment on April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997). Under AEDPA, an application for a writ of habeas corpus by a person in custody under a judgment of a state court may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a); *Williams v. Taylor*, 529 U.S. 362,

375 n. 7 (2000). Federal *habeas corpus* relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also Penry v. Johnson*, 531 U.S. 782, 792-93 (2001); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *Lockhart v. Terhune*, 250 F.3d 1223, 1229 (9th Cir. 2001). This court looks to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002).

## V. DISCUSSION

**A.      Due Process in the California Parole Context**

Petitioner alleges that the Board's 2007 determination that he remained unsuitable for parole violated his federal right to due process. In support of this claim, Petitioner argues that the Board improperly relied upon immutable factors, such as his commitment offense and social history in reaching its conclusion that he was unsuitable for parole. According to Petitioner, the Board's decision was not supported by "some evidence" that he posed a current danger or an unreasonable risk to public safety and, in fact, there was no probative value between the evidence cited by the Board and his current dangerousness. Moreover, Petitioner claims that the Board violated his rights by failing to adhere to the mandate of section 3041 of the California Penal Code, which states that the Board "shall set a release date" unless it determines that "consideration of the public safety requires a more lengthy period of incarceration . . . ." CAL. PENAL § 3041(b).

The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits state action that "deprive[s] a person of life, liberty or property without due

process of law." U.S. CONST. AMEND. XIV, § 2.  A person alleging a due process violation must first demonstrate that he or she was deprived of a protected liberty or property interest, and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. *Ky. Dep't. Of Corrs. v. Thompson*, 490 U.S. 454, 459-60 (1989); *McQuillion v. Duncan*, 306 F.3d 895, 900 (9th Cir. 2002).

A protected liberty interest may arise from either the Due Process Clause itself or from state laws. *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987).   In the context of parole,

> [t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. [ ].  When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the application of those constitutionally required procedures.

*Swarthout v. Cooke*, slip. op. at 4 (U.S. January 24, 2011).  *See also Greenholtz v. Inmates of Neb. Penal*, 442 U.S. 1, 7 (1979) ("There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").  Here, because California's statutory scheme governing parole "uses mandatory language, [it] 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, thereby giving rise to a constitutionally protected liberty interest." *McQuillion*, 306 F.3d at 901 (quoting *Greenholtz*, 442 U.S. at 12).  *See also Swarthout*, slip op. at 4 ("[T]he Ninth Circuit held that California law creates a liberty interest in parole . . . .  While we have no need to review that holding here, it is a reasonable application of our cases." (internal citations omitted)).

Despite the existence of this liberty interest, it is well established that inmates are not guaranteed the "full panoply of rights" during a parole suitability hearing as are normally afforded to criminal defendants under the Due Process Clause. *Swarthout*, slip op. at 4 ("In the context of parole, we have held that the procedures required are minimal."). *See also Pedro v. Or. Parole Bd.*, 825 F.2d 1396, 1398-99 (9th Cir. 1987).  The United States Supreme Court has held that the protection afforded by the federal due process clause to California parole decisions consists solely

5

of the "minimal" procedural requirements set forth in *Greenholtz*, specifically, "an opportunity to be heard and . . . a statement of the reasons why parole was denied." *Id*. at 4-5. *See also Greenholtz*, 442 U.S. at 16.

As a matter of state constitutional law, denial of parole to California inmates must be supported by "some evidence" demonstrating that the inmate poses an unreasonable risk of danger to society. *Hayward v. Marshall*, 603 F.3d 546, at 562 (citing *In re Rosenkrantz*, 29 Cal.4th 616 (2002)). *See also In re Lawrence*, 44 Cal.4th at 1191 (recognizing the denial of parole must be supported by "some evidence" that an inmate "poses a current risk to public safety"); *In re Shaputis*, 44 Cal.4th 1241, 1254 (2008) (same). However, California's "some evidence" requirement is a substantive right provided by the state, and thus is not afforded protection by the federal Due Process Clause. *Swarthout*, slip op. at 5. Indeed, the Supreme Court has held that "[n]o opinion of [theirs] supports converting California's 'some evidence' requirement into a substantive federal requirement." *Id*. Moreover, the Supreme Court has long recognized that alleged violations of state law are not cognizable on federal habeas corpus review. *Id*. at 6; *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (reiterating that "it is not the province of a federal habeas court to reexamine state court determinations on state law questions"); *Smith v. Phillips*, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of the United States Constitution.").

Here, the record reflects that Petitioner was present at his 2007 parole suitability hearing, that he participated in the hearing, and that he was provided with the reasons for the Board's decision to deny parole. The federal due process clause requires no more. To the extent that Petitioner's claim rests on his allegation that the Board failed to follow California state law or procedure because its decision is not supported by sufficient evidence, such a claim is not cognizable in a federal petition for writ of habeas corpus. *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1986); (*Givens v. Housewright*, 786 F.2d 1378, 1381 (9th Cir. 1986). As discussed above, a writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of

federal law binding on the state courts. *Middleton*, 768 F.2d at 1085; *Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983). Petitioner received all process he was due at his parole hearing and is thus not entitled to federal habeas corpus relief on his claim that the Board's unsuitability determination violated his federal right to due process of law.

**B.    Equal Protection**

Petitioner claims that the Board's determination that he was unsuitable for parole violated his federal right to equal protection of the law. The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432 (1985). A petitioner raising an equal protection claim in the parole context must demonstrate that he was treated differently from other similarly situated prisoners and that the Board lacked a rational basis for its decision. *McGinnis v. Royster*, 410 U.S. 263, 269-70 (1973); *McQueary v. Blodgett*, 924 F.2d 829, 835 (9th Cir. 1991). Petitioner's development of this claim rests on the substance of his due process arguments, addressed above, and fails to state a cognizable equal protection claim because Petitioner does not allege that he was treated differently from other similarly situated prisoners. Petitioner has failed to demonstrate that any other inmate who was similarly situated to him was granted a parole date. Petitioner has also failed to demonstrate that the Board violated his equal protection rights by applying a different suitability standard to him than that applied to others similarly situated. Accordingly, Petitioner is not entitled to federal habeas corpus relief on his claim that his right to equal protection of the law was violated by the Board's 2007 unsuitability determination.

### VI.  CONCLUSION

IT IS RECOMMENDED that the petition for writ of habeas corpus be denied. These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's

7

Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In any objections he elects to file petitioner may address whether a certificate of appealability should issue in the event he elects to file an appeal from the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: March 8, 2011

/s/ Charlene H. Sorrentino
CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE